**William R. TRUEHITT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–058 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 11, 1996.

Decided Feb. 28, 1996.

John W. Williford, Jr., Huntsville, for appellant.

David Weeks, District Attorney, Huntsville, for State.

Before WALKER, C.J., and BURGESS and CARR, JJ.

## OPINION

CARR, Justice (Assigned).*

This appeal presents us with a single issue of first impression in which we hold that the admission of Texas Code of Criminal Procedure Article 56.03(e) victim impact statements during the punishment phase of trial does not violate a defendant's right of confrontation and cross-examination of witnesses as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 10 of the Texas Constitution.

In a bench trial, appellant, William R. Truehitt, Jr., entered a plea of no contest to the charged offense of Aggravated Sexual Assault.[1] At the punishment hearing the State offered, as State's Exhibit No. 2, victim impact statements into evidence as contemplated by TEX.CODE CRIM.PROC.ANN. art. 56.03(e) (Vernon Supp.1994). Appellant's trial objection to State's Exhibit No. 2 was two fold: (1) that he was denied the right to confront and cross-examine the witnesses giving evidence against him via the victim impact statement, and (2) the procedure set forth in Article 56.03(e) fails to safeguard his right to confrontation of witnesses. The trial court overruled appellant's objections and admitted into evidence the victim impact statements.

■ In a single point of error, appellant contends that the trial court erred in admitting, over appellant's objection, the victim impact statements.

We agree with appellant's assertion that criminal defendants have a constitutional right to confront and cross-examine witnesses, however, we disagree with appellant's proposition that he was denied this right via the Article 56.03(e) procedure or the actions of his trial judge. Article 56.03(e) TEX.CODE CRIM.PROC. provides:

> Prior to the imposition of a sentence by the court in a criminal case, the court, if it has received a victim impact statement, shall consider the information provided in the statement. *Before sentencing the defendant, the court shall permit the defendant or his counsel a reasonable time to read the statement, comment on the statement, and with the approval of the court, introduce testimony or other information alleging a factual inaccuracy in the statement.* If the court sentences the defendant to a term of probation, the court shall forward any victim's impact statement received in the case to the probation department supervising the defendant, along with the papers in the case.[2] [Emphasis added]

We first note that appellant acknowledges he and his trial counsel had a reasonable time to read the victim impact statements and took the opportunity to comment on what they believe were inaccuracies in the statements. Appellant called Janet Truehitt and during her testimony addressed what appellant believed were inaccuracies in the victim impact statement. Appellant also took the opportunity to cross-examine the com-

---

* The Honorable Ron Carr, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

1. Appellant does not contest the sufficiency of the evidence to support his conviction for Aggravated Sexual Assault. Appellant's sole complaint on appeal is limited to the punishment phase of the trial.

2. *See now* TEX.CODE CRIM.PROC.ANN. art. 56.03(e) (Vernon Supp.1996).

plaining witness during the guilt/innocence phase. The complaining witness is one of those who wrote a victim impact statement. Here testimony from the guilt/innocence stage was re-offered at the punishment phase without objection. Appellant cannot point to any action taken by his trial judge that denied him his right to confrontation and cross-examination.

Secondly, we find nothing in Article 56.03(e) that prohibits appellant from exercising his right to confrontation and cross-examination by calling any victim impact statement author as a witness.[3] To the contrary, Article 56.03(e) affirmatively allows for such procedure. Therefore, we hold that

Article 56.03(e) gives appellant the right of confrontation and cross-examination if he so chooses. Appellant simply failed to avail himself of his right to call other witnesses and question them about what they had written in the victim impact statements.

Appellant's sole point of error is denied.

The judgment is AFFIRMED.

**3.** We do not address the issue of constitutional ramifications of unavailability of witnesses which is not presented by this appeal.