NUMBER 13-01-105-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS
 CHRISTI

 

 



CARLOS MARTINEZ,                                                             Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 197th District Court

                                 of Cameron County, Texas.

 



 

                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and Castillo

                                  Opinion by Justice Castillo  

 








Appellant Carlos
Martinez pled no contest to the offense of aggravated sexual assault of a
child,[1]
without a plea bargain as to the punishment to be assessed by the trial court.[2]  The trial judge found him guilty and
sentenced him to sixty years incarceration. 
From this conviction, he appeals. 
We affirm the judgment of the trial court.

Issues Presented

In eleven points of
error, appellant raises three issues: 1) appellant=s plea was rendered
involuntary by the court=s failure to admonish
him on the sex offender registration requirements and failure to inquire as to
whether his counsel had done so; 2) the trial court erred in permitting a
written statement by the victim to be considered prior to sentencing; and 3)
appellant received ineffective assistance of counsel by his counsel=s failure to object to
any of the errors alleged under issues one and two.

The Sex Offender
Registration Admonishments








In appellant=s first four points of
error, appellant argues that his plea was rendered involuntary because of
omissions either by the trial court or his counsel.  Specifically, he argues in points of error
one and two that the trial court failed to provide him with either oral or
written admonishments regarding the sex offender registration of chapter 62 of
the code of criminal procedure,[3]
as required by article 26.13(a)(5) of the code of criminal procedure[4]
and this failure made his plea involuntary. 
He asserts in point of error three that his plea was involuntary because
the trial court failed to ascertain whether his attorney had advised him about
the sex offender registration requirements as mandated by code of criminal
procedure article 26.13(h).[5]  Finally, he argues in point of error four
that his attorney=s failure to advise
him about the registration requirements rendered his plea involuntary.[6]


          The
State concedes that the trial court did not give the required admonishment,
either orally or in writing, but argues that there is no evidence that
appellant was unaware of the consequences of his plea or that he was misled or
harmed by the trial court=s failure to admonish
him on this issue.  The State makes no
response to appellant=s last two claims.








We note, first of all,
that there is nothing in the record to support any claim of
involuntariness.  To the contrary,
appellant signed a document indicating that his plea was being made freely and
voluntarily and affirmed to the trial judge that no one had forced or coerced
him into making the plea.  The motion for
new trial that was filed did not raise any claim of involuntariness and there
was no hearing providing any testimony by appellant asserting that his plea was
involuntarily made.  Even in his argument
on appeal, while he claims not to have been aware of all the consequences of
his actions, appellant does not claim that he would not have pled nolo contendere if
he had known about the sex offender registration; rather, he simply states that
he Amay have withdrawn his
plea@ if he had known about
the registration.

A judge accepting a
plea of guilty or nolo contendere
is required to provide the admonishments listed in article 26.13, and failure
to provide the same is error.[7]  Cain v. State, 947 S.W.2d 262, 264
(Tex. Crim. App. 1997).  However, such error is subject to a harmful
error analysis.  Id.  Specifically, where there is no substantial
compliance, the defendant is required to show no more than his unawareness of
the consequences of his plea and that he was misled or harmed by the
admonishment of the court.  Carranza v. State,  980 S.W.2d 653, 657-58 (Tex. Crim. App. 1998).  

In the present case,
there is nothing in the record before us that indicates that appellant was
unaware of the consequences of his plea or that he was misled or harmed by the
lack of admonishment.  The record before
us only shows that appellant was aware of the consequences, was pleading
voluntarily, and had at least some familiarity with the sex offender registration
requirements.[8]









Even if the record
affirmatively demonstrated that appellant was unaware of the sex offender
registration requirements, these requirements are not a direct consequence of a
plea, but a collateral consequence as they do not impact the defendant=s sentence.  Lopez v. State, No. 2-01-255-CR, 2002
Tex. App. LEXIS 1583, *8-*11 (Fort Worth, February 28, 2002, no pet.
h.); Thompson v. State, 59 S.W.3d 802, 806-07 (Tex. App.BTexarkana 2001, pet.
filed);  Ducker v. State, 45
S.W.3d 791, 795 (Tex. App.BDallas 2001, no
pet.).  A guilty plea is not rendered
involuntary by lack of knowledge of a collateral consequence.  State v. Jimenez, 987 S.W.2d 886, 888
(Tex. Crim. App. 1999).

There is nothing in
the record before us that indicates that appellant=s plea of nolo contendere was
involuntary, that he was unaware of the registration requirements, or that he
would not have plead guilty had the court or his counsel admonished him on the
registration requirements.  We overrule
appellant=s issue regarding the
sexual offender registration requirements.[9]                        

The Victim=s Written Statement








Appellant=s second issue relates
to the trial court=s review of a document
submitted by the victim in the case.[10]  The record reveals that at the punishment
hearing, the victim was present to Aaddress the court.@  Without being sworn, the victim began
stating, AThis man standing
before the court today B.@  The victim then stopped and the trial judge
asked, AWould it be easier if I
read it, if you give it to me and I read it? 
Okay.@  The defense counsel asked for a chance to
review the statement and the judge granted the request.  After his review of the document, the
following exchange took place:

Defense counsel:   I believe I had
filed a request to have notice of any extraneous offense information that might
be coming in.

 

Judge:                   This is
just the victim.  When they have an
impact statement, they have a right to come and address the court.

 

Defense counsel:   Well, what I
am saying is I was not given any notice at all, I just put it into the record,
that there was going to be a victim impact statement at this hearing.

 

Judge:                   There is
always a victim impact statement.

 

Defense counsel:   I understand
that, but not necessarily the drama that we are facing today.  And I trust your judgment, Your Honor, in
terms of being able to sit through it and keep yourself focused on justice. I
have read it.

 

Prosecutor:            Your
Honor, would you like to hang on to this or can the victim have it back?

 

Judge:                   He can
have it back.

 

Prosecutor:            Okay.
Thank you.

 

Judge:                   Why don=t I make a copy just
in case it goes up on appeal so the Court of Appeals can see it.

 








[Court reporter noted
that State=s exhibit P-1 was
admitted.]

 

Prosecutor: Okay.

 

Judge: We will give
him the original.

 

Prosecutor: We will do
that. Thank you.

 

Judge: Okay. Anything
else?

 

At that juncture, the
defense counsel made a point about a fact in the pre-sentence investigation
report and then began arguing for a sentence in the lower range of
punishment.   No further reference was
made to the victim=s written statement
by  either party or by the court.








Appellant makes six
complaints related to the above exchange, which he labels as points of error
five through ten.  Utilizing his
numeration, they are: 5) that the trial court erred in allowing the victim to
address the court prior to sentencing over appellant=s objection; 6) that
the trial court erred in allowing the victim to present a letter to the court
prior to sentencing over appellant=s objection; 7) that
the trial court erred in admitting the statement prior to sentencing without
allowing appellant=s counsel time to
review the statement or develop rebuttal; 8) that the admittance of the unsworn statement denied appellant the opportunity to
cross-examine the victim; 9) that the unsworn
statement admitted prior to sentencing was not a Avictim=s impact@ statement as it was
not in the form designated in article 56.03 of the code of criminal procedure;
and 10) that by allowing the victim to make an unsworn
statement prior to sentencing, appellant was denied his constitutional right of
confrontation under the Sixth Amendment to the Constitution of the United
States.

We note, first of all,
that some of the factual allegations made in the complaints are not supported
by the evidentiary record of the hearing. 
There was no objection to the victim=s brief address or the letter as alleged in
points five and six.  Appellant=s counsel was allowed
time to review the statement and had a chance to introduce testimony regarding
factual inaccuracies,[11]
contrary to the allegation in point seven. 
Appellant never made any request to cross-examine the victim, despite
the victim=s physical presence in
the courtroom, and so his right to cross-examination and confrontation were not
violated as alleged in points eight and ten.[12]








 Most importantly, our review of the record
indicates that none of the objections raised on appeal were presented to the trial
court below.  Appellant=s failure to
object  regarding any of these issues
waives any error on appeal, even any claims of constitutional violations.  Tex. R.
App. P. 33.1(a)(1);
Wright v. State, 28 S.W.3d 526,  536
(Tex. Crim. App. 2000), cert. denied, 531 U.S. 1128 (2001); see
also Mayo v. State, 861 S.W.2d 953, 954-55 (Tex. App.BHouston [1st Dist.
1993], pet. ref=d)(failure to object
to in-court testimony of victim prior to sentencing waived any error).   We therefore overrule all of appellant=s issues related to
the trial court=s review of the victim=s written statement.[13]


Ineffective Assistance
of Counsel

Appellant also argues,
in his points of error four and eleven, that he received ineffective assistance
of counsel due to his counsel=s failure to object to
the claimed errors raised in issues one and two and in failing to advise him of
the sexual offender registration requirements. 
We review claims of ineffective assistance of counsel under the
standard enunciated in Strickland v. Washington, 466 U.S. 668,
687-96 (1984).   Thus, appellant must
show that: (1) his counsel=s performance fell below an objective
standard of reasonableness, based on prevailing professional norms, and (2)
there is a reasonable probability that, but for the counsel=s
unprofessional errors, the result of the proceeding would be different.  McFarland v. State, 845 S.W.2d 824,
842 (Tex. Crim. App. 1992).  Furthermore, he must overcome the strong
presumption that the challenged action might be considered sound trial strategy.
 Brown v. State, 881 S.W.2d 582,
589 (Tex. App.BCorpus Christi 1994,
no pet.)(citing Strickland, 466 U.S. at 689).








Considering first the
argument that counsel failed to advise appellant of his sexual offender
registration requirements, we find that the record as it exists before us is
inadequate to allow us to find the trial counsel deficient in this regard.  See Brown, 881 S.W.2d at 590 (where record
did not show to what extent counsel did, or did not, investigate a case,
appellate court was unable to conclude that trial counsel was ineffective for
failing to fully investigate the case). 
AAny allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996).  In the present case, there is simply no
evidence in the record that demonstrates that defense counsel did not advise
appellant of these requirements.[14]
The only evidence on the record regarding this issue implies that appellant was
informed about them as it was apparently his strategy on punishment to try to
convince the court that he could receive proper supervision and treatment in Mexico, even though Mexico does not have strict
sexual offender registration requirements.[15]  Even if we had a record demonstrating that
counsel had not advised appellant of the requirements, we would not find that
this would meet the second prong of the Strickland analysis as we have
found, in our discussion of the first issue before us, that the record shows no
harm in appellant=s not being informed
of the requirements, if indeed he was not informed.








Likewise, in reference
to the claim that counsel was ineffective for not objecting to the trial court=s failure to provide
the sex offender registration admonishments, or inquiring of the court about
the same or objecting to the trial court=s failure to inquire
of counsel whether counsel had advised appellant of the requirements, as
discussed supra, there is no evidence in the record to indicate that the
trial court=s failures were
harmful.  If there was no harm in the
trial court=s failure to give the
admonishment or inquire of counsel whether he had advised appellant of the
registration requirements, then it cannot be said that the outcome of the
proceedings would have been different if counsel had objected or inquired about
the trial court=s responsibilities
regarding the sex offender registration requirements.[16]

Similarly, in
reference to appellant=s last complaint that
trial counsel was ineffective for failing to properly object to the trial court=s consideration of the
victim=s written statement,
we note that the record is silent as to counsel=s reasons for not objecting.  Even assuming error, the record is
insufficient to overcome the presumption that counsel=s actions were part of
a strategic plan, such as choosing not to seem to be lacking in sympathy for an
apparently emotional victim.  See Tong
v. State, 25 S.W.3d 707, 713-14 (Tex. Crim. App.
2000)(where the record gave no reasons for counsel=s failure to object to
victim impact testimony from victims of extraneous offenses, even though the
testimony was arguably objectionable, point was overruled).








Additionally,
without deciding whether counsel=s failure to object
meets the requirement of the first prong of the Strickland  review or even whether the admission of such
document was error, we find that appellant is unable to meet his burden to
prove that but for such failure, the outcome of the case would have been
different.  Even assuming error,
considering the evidence already admitted for the plea of guilty[17]
B  the graphic description of the crime and the
obvious emotional turmoil suffered by the victim as contained in the victim=s statement to the
police; appellant=s own detailed and
unremorseful confession which, in part, stated that the victim, a young child,
desired the abuse;[18]
the long history of abuse, both physically and emotionally, of the family; the
evidence of possible sexual abuse of another young child; and the violation of
the relationship of trust and other circumstances surrounding the crime,
including its long term of duration B we cannot say that but
for the admission of the brief victim=s statement, the
outcome of this case would have been different. 
Appellant=s issues regarding
ineffective assistance of counsel[19]
are overruled.

Conclusion

Having
found all issues either waived or overruled, we affirm the judgment of the
trial court.                                           

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 2nd day of May,
2002.











[1]
Tex. Pen. Code Ann. '22.021(a)(1)(B)(v)(Vernon Supp. 2002).    





[2] The
only bargain between the appellant and the State at the plea proceeding was
that appellant would plead no contest to count one of a four-count indictment
and the remaining three counts of aggravated sexual assault would remain unadjudicated.





[3] Tex. Code Crim. Proc. Ann. arts.
62.01-.13 (Vernon
Supp. 2002).





[4]
Tex. Code Crim. Proc. Ann. art.
26.13(a)(5)(Vernon
Supp. 2002).





[5] Tex. Code Crim. Proc. Ann. art.
26.13(h)(Vernon
Supp. 2002).





[6] Appellant=s
listed point complains that his Acounsel
was ineffective because he failed to inquire about the registration
requirements under Chapter 62 of the Code of Criminal Procedure for persons
convicted of Aggravated Sexual Assault or object or attempt to withdraw the
plea which rendered the plea involuntary.@  The argument listed beneath this point falls
into two basic assertions: 1) trial counsel was 
ineffective for not objecting to the failure of the trial court to give
the necessary admonishments; and 2) if appellant had been advised of the sex
offender registration provisions, Ahe
may have withdrawn his plea and gone to trial, but he was denied the
opportunity to make an informed decision because trial counsel failed to advise
him and the trial court failed to inquire.@  We will here address only the apparent
complaint that the trial attorney did not advise him of the registration
requirements and that made the plea involuntary.  The complaint regarding ineffectiveness of
counsel will be taken up in the discussion of that issue.





[7] Only
substantial compliance is required under the terms of the article itself, see
Tex. Code Crim. Proc. Ann. art.
26.13(c)(Vernon Supp. 2002), but in the present case there is no dispute that
there was no compliance at all. 





[8] At
the punishment hearing, as part of argument, defense counsel stated the
following:

 

I
have a gentleman here from the Mexican Consulate, Mr. Raul Garcia, who has
informed me that if he were to be released, even into Mexico, there are
programs that can be forwarded from here to over there, not as strict as our sexual
offender registration programs, but where they try to treat a person and
readapt a person to society. 

 





[9] Appellant=s
points of error one through three and the pertinent portion of point of error
four.





[10]
Appellant argues that the document could not have been a victim impact
statement as that term  is used in the
code of criminal procedure because it was not in the form described by article
56.03 of that code.  See Tex. Code Crim. Proc. Ann. art.
56.03(b)(Vernon
Supp. 2002).  As the determination of the
precise characterization of the victim=s
written statement is not necessary to the disposition of this case, we do not
address this particular contention. 





[11] Although
the judge did not specifically ask appellant if he wanted to introduce contravening
testimony, she did ask, AAnything else?@
at which time counsel objected to matters in the pre-sentence investigation
report.  Nothing in the record indicates
that the trial judge would not have permitted him to introduce any testimony or
evidence he chose in contravention to the letter.  There is no evidence in the record either of
the court=s denying
appellant time to seek out contravening testimony or Adevelop
rebuttal.@  Indeed, no such request was ever made.





[12]
The mere fact that the statement was provided in written form did not bar
appellant from calling the victim to the stand for cross examination.  Truehitt
v. State, 916 S.W.2d 721, 723 (Tex. App.BBeaumont
1996, no pet.)





[13] By
appellant=s numeration,
points of error five through ten.





[14] As
noted by the court of criminal appeals, in the majority of cases, the record is
not sufficiently developed to allow for a review of a complaint of ineffective
assistance of counsel on direct appeal.  Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App.
1999). 





[15] See
defense counsel=s comments
during the punishment hearing previously restated in this opinion.





[16] Moreover,
as previously noted, the only evidence in the record before us suggests that
appellant was in fact aware of the sexual offender registration requirements.





[17] There
was also a pre-sentence investigation report (APSI@)
submitted at the time of punishment.  We
are aware that victim impact evidence is often routinely included in
pre-sentence investigation reports, but as the one admitted in the present case
does not appear in the record on appeal, we will not speculate as to what may
or may not have been before the trial court in the PSI. 





[18] Stating,
for example, that the victim Awould
want to do it all the time.@





[19]
Appellant=s points of error
four (in pertinent part) and eleven.