IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 35012

| STATE OF IDAHO, | ) | |
| | ) | 2009 Opinion No. 12 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: March 3, 2009 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| JAMES LLOYD TODD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County.  Hon. Robert J. Elgee, District Judge.

Judgment of conviction and unified sentence of twelve years, with a minimum period of confinement of four years, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge

James Lloyd Todd appeals from his judgment of conviction and unified sentence of twelve years, with a minimum period of confinement of four years, for grand theft.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Over a period of approximately three years, Todd stole at least $57,000 from his employer.  Todd worked as a hotel manager and deposited checks into his personal account that were written to the hotel.  Todd also collected rent from a residence owned by the hotel owner and deposited those payments into his personal account, telling the owner that he could not find a renter for the residence.

Todd entered a plea of guilty to grand theft.  I.C. §§ 18-2403(1), 18-2403(2)(b), 18-2407(1)(b).  At the sentencing hearing, Todd argued that he should receive probation so that he

1

could begin paying restitution to the victim. The state responded that Todd would be unable to repay all of the money he stole and, therefore, "taking [Todd's] time is the only thing that the Court has in order to impose punishment." The district court discussed Todd's inability to pay restitution, citing it as a heavy factor, along with Todd's prior felony convictions for similar offenses. Thereafter, the district court sentenced Todd to a unified term of twelve years, with a minimum period of confinement of four years. Todd appeals.

## II.

## STANDARD OF REVIEW

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

## III.

## ANALYSIS

### A.     Inability to Pay Restitution

Todd argues that the district court violated both the Due Process and the Equal Protection Clauses of the United States Constitution by considering Todd's inability to pay restitution as a factor in imposing a prison sentence. The state responds that Todd has failed to preserve this argument for appellate review[1] and that the district court appropriately imposed sentence based upon statutory factors.

Idaho Code Section 19-2521(2) provides, in pertinent part:

> The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of avoiding a sentence of imprisonment:
>
> . . . .
>
> (f) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that was sustained; provided, however, nothing in this section shall prevent the appropriate use of imprisonment and restitution in combination.

---

[1]     Todd acknowledges that he did not object to the district court's statement that "I consider it a heavy sentencing factor that there's probably no ability or very limited ability to pay any of this money back." In the briefs on appeal, both parties debate whether this issue may be reviewed as fundamental error. However, for the purposes of this opinion only, we will assume, without deciding, that Todd's claim can be reviewed for the first time on appeal as fundamental error.

Arguments similar to Todd's have been analyzed under both due process and equal protection principles. In discussing which approach is warranted, the United States Supreme Court has concluded:

> [W]e generally analyze the fairness of relations between the criminal defendant and the State under the Due Process Clause, while we approach the question of whether the State has invidiously denied one class of defendants a substantial benefit available to another class of defendants under the Equal Protection Clause.

*Bearden v. Georgia,* 461 U.S. 660, 665 (1983). In a later footnote, the Court offered additional guidance concerning the choice between a due process and an equal protection analysis. The Court explained:

> A due process approach has the advantage in this context of directly confronting the intertwined question of the role that a defendant's financial background can play in determining an appropriate sentence. When the court is initially considering what sentence to impose, a defendant's level of financial resources is a point on a spectrum rather than a classification. Since indigency in this context is a relative term rather than a classification, fitting "the problem of this case into an equal protection framework is a task too Procrustean to be rationally accomplished," *North Carolina v. Pearce,* 395 U.S. 711, 723, 89 S. Ct. 2072, 2079, 23 L. Ed. 2d 656 (1969). The more appropriate question is whether consideration of a defendant's financial background in setting or resetting a sentence is so arbitrary or unfair as to be a denial of due process.

*Id.* at 666, n.8. Although not determinative in this case, based on this language we conclude that a due process analysis is the proper interpretation of Todd's claim.

Todd relies primarily on three United States Supreme Court decisions for his arguments concerning a constitutional violation, *Bearden,* 461 U.S. 660; *Tate v. Short,* 401 U.S. 395 (1971); and *Williams v. Illinois,* 399 U.S. 235 (1970). In the most recent of the three opinions, the Court commented on the general rule derived from the other two. Specifically, the Court explained:

> The rule of *Williams* and *Tate,* then, is that the State cannot "'impos[e] a fine as a sentence and then automatically conver[t] it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.'" *Tate, supra,* at 398, 91 S. Ct., at 671. In other words, if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it.

*Bearden,* 461 U.S. at 667-68. In *Bearden,* the Court held that a defendant's probation cannot be revoked for failure to pay without a determination that the probationer's inability to pay a fine

was willful and there are no adequate alternatives to imprisonment. *Id.* at 674. Therefore, as the state notes, none of the three cases relied upon by Todd discuss a sentencing court's initial choice between probation and a prison sentence. However, those cases do contain some informative discussion pertinent to the case at hand.

For example, in *Williams,* the Court noted:

> The mere fact that an indigent in a particular case may be imprisoned for a longer time than a non-indigent convicted of the same offense does not, of course, give rise to a violation of the Equal Protection Clause. Sentencing judges are vested with wide discretion in the exceedingly difficult task of determining the appropriate punishment in the countless variety of situations that appear. The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences.

*Williams,* 399 U.S. at 243. The *Bearden* Court further explained what some of the constitutionally permissible qualitative differences entailed. Specifically, the Court noted:

> [W]hen determining initially whether the State's penological interests require imposition of a term of imprisonment, the sentencing court can consider the entire background of the defendant, including his employment history and financial resources.

*Bearden,* 461 U.S. at 669-70.

After reiterating that the sentencing court can evaluate a defendant's financial resources, the *Bearden* Court concluded that the problem in that case was "that the State is seeking here to use as the *sole* justification for imprisonment the poverty of a probationer." *Id.* at 671. *See also Mayo v. State,* 861 S.W.2d 953, 956-57 (Tex. Crim. App. 1993) (holding, based on *Bearden* and *Tate,* that there was no due process or equal protection violation in sentencing defendant to eighteen years instead of probation based on her inability to pay restitution.)

At sentencing in this case, although the district court indicated that it would "consider it a heavy sentencing factor that there's probably no ability or very limited ability to pay any of this money back," Todd's inability to pay restitution was by no means the only factor considered by the district court. The district court also found:

> You have two priors. That really sinks your boat, Mr. Todd, two prior felonies. They're old, but they're for the same thing. These aren't two--this isn't a drunk driving. It's not even a simple possession of a controlled substance. It's two prior theft offenses. There's actually three in that line. One happens to be a

4

misdemeanor, but there's two prior felonies for taking other people's property, checks, paper, that type of thing. And you've already been to prison for it.

. . . .

. . . The priors are old, but they are right along the same line. So, to me, the amount of the theft, and because this is an embezzlement isn't--to me, it's not much different than if you kicked in doors in Sun Valley and took people's jewelry and their television sets. Theft is theft, and it doesn't matter--it's probably worse when it's in a position of trust and it goes on day after day after day. And it didn't stop because Mr. Todd stopped it. It stopped because he got caught, otherwise he would probably--there's nothing to indicate that Mr. Todd would have stopped this on his own.

. . . .

I can't justify [probation] to society, frankly. I can't look at the citizens of this county and say that's okay, probation is okay. I can't do it. I owe the public that much and [the victim] that it requires a prison sentence.

It is clear that the district court considered all of the goals of sentencing. The district court determined that a prison sentence was necessary to protect society, deter Todd from future theft, provide retribution, and rehabilitate Todd. The district court properly considered Todd's financial background pursuant to *Bearden* and Todd's ability to pay restitution pursuant to I.C. § 19-2521(2)(f). The district court did not base Todd's prison sentence *solely* on Todd's inability to pay restitution and concluded that probation would not meet the goals of sentencing. Furthermore, after consideration of Todd's financial background in setting the sentence, given the crime, the amount of money, and that Todd has similar prior felony convictions, the sentence is not so arbitrary or unfair as to be a denial of due process. The district court did not violate the Due Process or Equal Protection Clauses in sentencing Todd to a unified term of twelve years, with a minimum period of confinement of four years, for grand theft.

**B.      Sentence**

Todd argues that the district court abused its discretion by sentencing him to a unified term of twelve years, with a minimum period of confinement of four years, for grand theft. Specifically, Todd asserts the district court abused its discretion by considering Todd's indigence and failing to consider the mitigating factors present in his case.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such

5

an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

In addition to the goals of sentencing recognized by the district court and discussed above, the district court also considered several mitigating factors, including Todd's acceptance of responsibility, his remorse, and the age of his prior convictions. Given the nature of the offense, the character of the offender and the protection of the public interest, we cannot conclude that the district court abused its discretion in sentencing Todd to a unified term of twelve years, with a minimum period of confinement of four years, for grand theft.

## IV.

## CONCLUSION

The district court did not violate the Due Process or Equal Protection Clauses in sentencing Todd to prison for grand theft based, in part, on Todd's inability to repay restitution. The district court did not abuse its discretion in sentencing Todd to a unified term of twelve years, with a minimum period of confinement of four years, for grand theft. Therefore, Todd's judgment of conviction and sentence are affirmed.

Judge GRATTON, **CONCURS.**

Chief Judge LANSING, **CONCURS IN THE RESULT.**

6